**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

TRACY LYNN BAKER                                                                                          PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 3:08-cv-356-HTW-LRA

MINNIE COLEMAN AND
UNKNOWN BINGHAM                                                                                    DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff, an inmate of the Mississippi Department of Corrections (M.D.O.C.), currently incarcerated in the Flowood Community Work Center, Flowood, Mississippi, filed this complaint pursuant to Title 42 U.S.C. § 1983.  The named Defendants are Minnie Coleman and Unknown Bingham.

<u>Background</u>

Plaintiff states that on January 6, 2008, Defendant Coleman administered a random drug test to the Plaintiff and the Plaintiff tested positive.  Plaintiff asserts that Defendant Coleman tested the urine twice using one method and a third time using a different method; all three times using the same urine sample.  Defendant Coleman then gave the Plaintiff a Rule Violation Report (R.V.R.) as a result of the failed drug test.  Plaintiff claims that Officer Roberts tore up the original R.V.R. and then rewrote another R.V.R. concerning the failed drug test.  Plaintiff complains that Officer Roberts was not on duty at the time of the incident nor a witness to the incident.  Plaintiff also states that she has written Defendant Bingham on several occasions and has not received a response from her or her staff.  Plaintiff states that as punishment she lost visitation rights and was reclassified.[1]  As relief, Plaintiff requests that this Court order the

---

[1] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of

R.V.R. be expunged from her records and that her classification be restored.

## Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, this case will be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an "atypical and significant hardship" of prison life. The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *See also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial

---

privileges to an inmate. *Mississippi Department of Corrections Inmate Handbook* (Rev.1999), Chapter I, pg. 4-5.

classification); *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir. 1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits). As such, the Court finds that Plaintiff has failed to state a viable Due Process claim.

## Conclusion

For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Plaintiff's complaint should be dismissed with prejudice for failure to state a claim on which relief may be granted. Title 28 U.S.C. § 1915 (e)(2)(B)(ii). A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

## Three-strikes provision

Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike"[2]. If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

SO ORDERED, this the 26th day of September, 2008.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."